IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOANN WILBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-513 |
| MARCIA JACKSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

JoAnn Wilbert, proceeding *pro se*, filed this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. #8) asking: (a) the court to order that the Plane State Jail be closed; (b) the Inspector General for the Texas Department of Criminal Justice ("TDCJ") to inspect the Plane State Jail and direct that it be closed and (c) the court to direct TDCJ to pay for property improperly confiscated while she was at the Plane State Jail. Plaintiff's motion is construed as a motion seeking a preliminary injunction.

The first two types of relief Plaintiff seeks involve conditions at the Plane State Jail. Plaintiff is no longer at the Plane State Jail. She is now at the Carol Young Medical Facility. (Doc. #4.) A transfer to another correctional facility renders a claim for injunctive relief based on conditions at a litigant's former correctional facility moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). As Plaintiff is no longer at the Plane State Jail, her request for a preliminary injunction concerning conditions there is moot.

To be entitled to a preliminary injunction, a movant must show, among other things, that, absent the injunction, she would be subject to a substantial threat of irreparable harm. *Sierra Club*

*v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997).  Here, Plaintiff seeks compensation for property she contends was illegally confiscated. The availability of money damages prevents a showing of irreparable injury.  *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267 (5th Cir. 1990).  If Plaintiff prevails, she will be entitled to money damages for her lost property.  However, the availability of this remedy prevents the granting of preliminary injunctive relief.  Her motion should therefore be denied.

<u>Recommendation</u>

Plaintiff's motion requesting a preliminary injunction should be denied.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained herein within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE