IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOANN WILBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-513 |
| MARCIA JACKSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Joann Wilbert, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Divisions, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Warden Marcia Jackson, Assistant Warden Kristi Flippo, Major Collins, Sergeant Williams, Officer Rodriguez, Officer Bell, Officer Mallet and Nurse Norma Fuentes. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The court is entering an Order to Answer and Scheduling Order directing Defendants Collins, Williams, Rodriguez and Fuetes to respond to Plaintiff's claims. As a result, this Report and Recommendation only considers the claims against Defendants Jackson, Flippo, Bell and Mallet.

Factual Allegations

In her Complaint (doc. #1), Plaintiff states that she was incarcerated at the Plane State Jail from May 28, 2019, through June 24, 2019. She was assigned to Building K. Plaintiff states this building had been condemned more than five years earlier and was infested by insects and spiders. She states she was bitten by ants and spiders.

Plaintiff alleges that when she arrived at the intake section, Defendant Rodriguez took her legal documents, glasses and shoe inserts. Plaintiff states that as a result she limped and was half blind. She asserts she did not receive new glasses for eight months and that her shoe inserts were never replaced.

Plaintiff states Defendant Williams examined her in a humiliating way while processing her when she first arrived at the Plane State Jail. She contends Defendant Williams also made her carry a mattress that weighed 75 pounds. Plaintiff states she is 100% disabled and was not physically able to carry the mattress.

Plaintiff asserts Defendants Collins and Fuentes performed inadequately while processing her and determining the conditions in which she would be housed. She states that as a result she was housed in conditions that were unconstitutional in light of her physical limitations.

Plaintiff states Defendants Jackson and Flippo were aware of the actions of the other Defendants and condoned their actions. She also alleges Defendant Bell improperly denied grievances she filed asking for shoes that fit and requesting replacement of her shoe inserts.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id.* at 555.

## Analysis

### Claims Against Defendants Williams and Flippo

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege Defendants Williams and Flippo participated in any of the misconduct described in her Complaint. Nor does she allege she made either of these Defendants aware of the misconduct.

Defendants Jackson and Flippo are supervisors of the other Defendants. Under Section 1983, supervisory officials are not liable for actions of their subordinates under any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisory official may be held liable only for implementing a policy that repudiates constitutional rights and is the moving force behind the constitutional violation. *Id.* Plaintiff does not allege Defendants Jackson and Flippo implemented policies which led to the alleged misconduct by the other Defendants.

Plaintiff does not allege Defendants Jackson and Flippo were personally involved in the actions of the remaining Defendants. Nor does she allege they implemented policies that resulted in those actions. As a result, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Jackson and Flippo.

*Claims Against Defendants Bell and Mallet*

Plaintiff alleges Defendant Bell improperly denied grievances she filed. She also appears to allege Defendant Mallet acted improperly with respect to her grievances.[1] However, inmates do not have a constitutionally protected liberty interest in having grievances resolved or processed to their satisfaction. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff's allegations against Defendants Bell and Mallet therefore fail to state a claim upon which relief may be granted.

## Recommendation

The claims against Defendants Jackson, Flippo, Bell and Mallet should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

---

[1] Plaintiff makes no specific allegations against Defendant Mallet. As she describes him as a grievance officer, it will be assumed she is alleging he improperly dealt with her grievances.

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE