IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JO ANN WILBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-513 |
| MAJOR COLLINS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jo Ann Wilbert, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by Major Collins and Sergeant Smith. (Doc. #22.)[1] Defendants Collins and Smith ask that the claims against them be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Factual Allegations

In her Complaint, Plaintiff states that she was incarcerated at the Plane State Jail from May 18, 2019, through June 24, 2019. Plaintiff alleges that while she was being processed upon arrival at the Plane State Jail, Defendant Smith, a sergeant, made her bend over to be searched. Plaintiff further alleges she examined her in a humiliating way in front of more than 40 other women. Plaintiff also states Defendant Smith made her carry a mattress to her cell. Plaintiff asserts that as she is 100% disabled, she was not physically able to carry the mattress.

Plaintiff also alleges Defendant Collins, a major, performed inadequately while processing her and determining the conditions in which she would be housed. She states Defendant Collins

---

[1] Defendant Smith was identified as Sergeant Williams in the Complaint.

asked her five questions in order to determine her housing assignment. Plaintiff contends that in light of her physical limitations, she was housed in unconstitutional conditions.

## The Motion to Dismiss

In their Motion to Dismiss, Defendants assert that to the extent they are sued in their official capacities for money damages, they are entitled to immunity under the Eleventh Amendment. To the extent they are sued in their individual capacities for money damages, Defendants maintain Plaintiff has failed to state a claim upon which relief can be granted. Finally, to the extent Plaintiff seeks injunctive relief, Defendants state that the relief sought by Plaintiff is beyond their ability to grant.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents. *Daigle v. Gulf States Utils. Co.., Loc. Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159 (1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, Defendants Smith and Collins are entitled to immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. The court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Unconstitutional Search*

Plaintiff contends Defendant Smith searched her in an improper manner. Under the Fourth Amendment, "searches and seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." *Elliott v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). The need for a particular search must be balanced against the invasion of the prisoner's personal rights caused by the search. *Id*. A strip search or visual body cavity search of a prisoner, including the exposure of body cavities for visual inspection, is not *per se* unreasonable under the Fourth Amendment and such searches need not be supported by probable cause. *Id*. In this context, the requirement of reasonableness strikes a balance in favor of deference to prison authorities' views of institutional safety requirements against the legitimate claims of inmates not to be searched in a humiliating and degrading manner. *Id*.

Plaintiff's allegations show that the search she describes was performed upon her arrival at the Plane State Jail. At that point, it would have been reasonable for officials to perform a thorough search to prevent an inmate from being contraband into the unit. While the search described by

Plaintiff was intrusive, she does not assert it was performed in front of males. *See Hamer v. Jones*, 364 F. App'x 119, 124-25 (5th Cir. 2010) (strip search of a male prisoner by a female guard absent exigent circumstances may state a colorable Fourth Amendment claim).

As stated above, searches of prisoners must be reasonable under all the facts and circumstances. However, with respect to searches of prisoners, demonstrating reasonableness is a "light burden," as decisions and actions in the prison context are entitled to great difference from the courts. *Elliott*, 38 F.3d at 191.

Plaintiff was searched upon arrival at her prison unit. In light of the deference owed prison officials with respect to searching prisoners and the circumstances under which the search was performed, the search conducted by Defendant Smith was not unreasonable. Plaintiff's allegations regarding the search therefore fail to state a claim upon which relief can be granted.

*Unconstitutional Conditions of Confinement*

To violate the Eighth Amendment, prison conditions must pose "an unreasonable risk of serious damage" to a prisoner's health–an objective test–and prison officials must act with deliberate indifference to the risk posed–a subjective test. *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). The objective component requires the plaintiff to demonstrate that a defendant's act or omission was "objectively serious" and that it exposed her to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a demonstration that a defendant had a "sufficiently culpable state of mind" and was therefore deliberately indifferent to inmate health or safety. *Id*.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). A prison official acts with deliberate indifference only if the official: (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards the risk by failing to take reasonable measure to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff contends that as she is disabled, Defendant Smith subjected her to unconditional conditions of confinement when she told her to carry a mattress to her cell. However, Plaintiff does not state she informed Defendant Smith of her disability or that her disability should have been obvious to Defendant Smith. As a result, Plaintiff has not alleged facts demonstrating Defendant Smith was aware that requiring Plaintiff to carry a mattress subjected her to a substantial risk of serious harm.

Plaintiff indicates Defendant Collins was responsible for her housing assignment. She asserts he failed to adequately interview her to determine what housing conditions would be appropriate. Defendant Collins' failure to conduct an adequate interview would amount to no more than negligence. Plaintiff does not allege she provided Defendant Collins with any information which would have made him aware that the housing assignment he ultimately made subjected her to a substantial risk of serious harm.

Plaintiff's allegations do not indicate either Defendant Smith or Defendant Collins acted with deliberate indifference. She has therefore failed to state a claim against them upon which relief can be granted.

*Injunctive Relief*

Plaintiff seeks injunctive relief in the form of either a transfer to a hospital or release from prison. A plaintiff does not have standing to pursue injunctive relief when the named defendants do not have the authority to provide the relief sought. *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). Defendants lack the authority to release Plaintiff or direct that she be transferred to a hospital. As a result, Plaintiff's request for injunctive relief against these two defendants fails to state a claim upon which relief can be granted.

## Recommendation

The Motion to Dismiss should be granted and the claims against Defendants Collins and Smith should be dismissed.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 19th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE