IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JO ANN WILBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-513 |
| MARIA RODRIGUEZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jo Ann Wilbert, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The remaining Defendants in this matter are Maria Rodriguez, a correctional officer, and Norma Fuentes, a nurse. Defendants have filed a joint Motion for Summary Judgment (doc. no. 31).

Factual Allegations

Plaintiff states she arrived at Building K of the Plane State Jail on May 28, 2019. She alleges that the building had been condemned and was unfit for human habitation. Plaintiff asserts the building was filthy, with bug and spiders everywhere. Plaintiff alleges that during the intake process, Defendant Rodriguez took her legal mail and court documents, as well as her glasses and a shoe insert.

Plaintiff states that as part of the intake process, Defendant Fuentes conducted a medical screening to determine her housing assignment. She asserts the screening conducted by Defendant Fuentes was totally inadequate. While Plaintiff acknowledges Defendant Fuentes assigned her to a lower bunk because of her back problems, she states all of her other medical conditions were ignored. Plaintiff states she remained at the Plane State Jail until June 24, 2019.

<u>The Motion for Summary Judgment</u>

To the extent they are sued for damages in their official capacities, Defendants assert they are entitled to immunity under the Eleventh Amendment. They also assert Plaintiff is not entitled to injunctive relief. Finally, Defendants contend they are entitled to qualified immunity with respect to the claims asserted against them in their individual capacities.

<u>Standard of Review</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

At the summary judgment stage of the proceedings, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden at this stage "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

As summary judgment is a final adjudication on the merits, courts must apply the device cautiously. *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases,

courts must be careful to guard against premature truncation of legitimate lawsuits merely because of unskilled presentation. *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suits against a state in federal court unless the state consents." *Daigle v. Gulf States Utils. Co., Loc. Union No. 2286,* 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, Defendants Rodriguez and Fuentes are entitled to immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. The court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Injunctive Relief*

Plaintiff seeks injunctive relief in the form of an order directing either that she be transferred to a hospital or released from prison. A plaintiff does not have standing to pursue injunctive relief when the named defendants do not have the authority to provide the relief sought. *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). There is no indication that either Defendant Rodriguez, a correctional officer, or Defendant Fuentes, a nurse, has the authority to release Plaintiff or direct that she be transferred to a hospital. As a result, there is no genuine dispute of material fact as to whether Plaintiff is entitled to injunctive relief.

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  Evaluating qualified immunity is a two-step process. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004).  A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Once government officials assert the defense of qualified immunity, the burden shifts to the plaintiff to "rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness" of the conduct. *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).

*Unconstitutional Conditions of Confinement*

To violate the Eighth Amendment, prison conditions must "pose an unreasonable risk of serious damage" to a prisoner's health—an objective test—and prison officials must act with deliberate indifference to the risk posed—a subjective test. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The objective component requires the plaintiff to demonstrate that a defendant's act or omission was "objectively serious" and that it exposed her to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a demonstration that a defendant had a "sufficiently culpable state of mind" and was therefore deliberately indifferent to inmate health and safety. *Id*.

4

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). A prison official acts with deliberate indifference only if the official: (1) knows that an inmate faces a substantial risk of serious bodily harm and (2) disregards the risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff alleges Defendant Fuentes subjected her to unconstitutional conditions of confinement. She states Defendant Fuentes was responsible for interviewing her to determine the conditions of her housing assignment. Plaintiff contends Defendant Fuentes failed to conduct an adequate interview, which resulted in a housing assignment where the conditions were unconstitutional because they did not consider her medical condition. However, Plaintiff does not describe any information she provided Defendant Fuentes with, or any information Defendant Fuentes was aware of, that would have made put her on notice that the housing assignment Plaintiff ultimately received subjected her to a substantial risk of serious harm. Nor does Plaintiff state she complained to Defendant Fuentes about her housing assignment. As a result, plaintiff's allegations fail to demonstrate Defendant Fuentes acted with deliberate indifference.

Plaintiff also asserts she was confined under unconstitutional conditions because the Plane State Jail was filthy, with a large number of bugs and spiders. However, Plaintiff does not allege she ever complained to Defendant Rodriguez or Defendant Fuentes about the conditions or told either of them that the conditions were impacting her health. She has therefore failed to demonstrate either Defendant was deliberately indifferent to the conditions of her confinement.

*Deprivation of Property*

Plaintiff alleges Defendant Rodriguez improperly took some of her property. Deprivations of property by prison officials, whether intentional or as a result of negligence, do not violate the

Due Process Clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property); *Parratt v. Tayler*, 451 U.S. 527, 543 (1981) (negligent deprivations of property). However, post-deprivations remedies "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedures rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

Plaintiff indicates the actions of Defendant Rodriguez were improper and unauthorized. Plaintiff is therefore not asserting Defendant Rodriguez was acting in accordance with established state procedures when she took the property. As a result, the taking of Plaintiff's property did not violate her right to due process because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

There is no genuine issue of material fact as to whether Plaintiff's deprivation of property claim states a constitutional violation. Defendant Rodriguez is therefore entitled to summary judgment based on qualified immunity with respect to this claim.

*Access to Courts*

Among the items Plaintiff states were improperly confiscated by Defendant Rodriguez were legal mail and court documents. Prisoners have a right of access to the courts protected by the First Amendment right to petition for redress of grievances, and the Fourteenth Amendment guarantees of procedural and substantive de process. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). However, *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (5th Cir. 1999). Instead, the right of access to courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In order to recover for a denial of access to the courts, an inmate must show that an "actionable claim [involving a challenge to a

sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented . . . ." *Lewis*, 518 U.S. at 356.

Plaintiff states her legal mail and court documents were improperly confiscated. However, Plaintiff does not assert that the confiscation of these items prevented her from filing a lawsuit relating to her conviction or the conditions of her confinement. Nor does she state any pending lawsuits were dismissed as a result of the confiscation of her legal mail and court documents. As a result, there is no genuine issue of material fact as to whether Plaintiff's allegations regarding the loss of her legal materials fail to demonstrate a constitutional violation. Defendant Fuentes is therefore entitled to summary judgment based upon qualified immunity on this claim.

## Recommendation

The Motion for Summary Judgment filed by Defendants Rodriguez and Fuentes should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 8th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE